RECEIVED
USDC CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2007 FEB 14 P 1:47

| | |
|---|---|
| Joseph Grace, (SCDC #302418), ) | C. A. No. 2:06-2031-CMC-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| John Ozmint, Director of SCDC;) | |
| Sandra Bowie, Head of SCDC   ) | |
| Inmate Grievance Branch; Oscar) | |
| Faulkenberry, Warden of      ) | |
| Kershaw Correctional         ) | |
| Institution; and Angela      ) | |
| Hardin, Inmate Grievance     ) | |
| Coordinator (IGC) at Kershaw ) | |
| Correctional Institution,    ) | |
| ) | |
| Defendants. ) | |

On July 14, 2006, the plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On September 22, 2006, the defendant Faulkenberry filed a motion to dismiss. By order of this court filed September 26, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. On October 12, 2006, the plaintiff was granted an extension of time until December 1, 2006, to respond to the motion to dismiss.

As the plaintiff is proceeding pro se, the court filed a second order on December 7, 2006, giving the plaintiff an additional ten (10) days in which to file his response to the defendant Faukenberry's motion to dismiss. The plaintiff was

specifically advised that if he failed to respond, this action may be dismissed with prejudice for failure to prosecute, Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure. Despite this extension and explanation, the plaintiff elected not to respond to the motion.

Thereafter, on December 12, 2006, the defendants filed a motion for summary judgment. By order of this court filed December 14, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. The plaintiff did not respond.

The court again filed an order on January 29, 2007, giving the plaintiff an additional ten (10) days in which to file his response to the defendants' motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action may be dismissed with prejudice for failure to prosecute, Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure. As the plaintiff has failed to respond to the defendants' motion to dismiss and motion for summary judgment, it appears to the court that he wishes to abandon this action.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended

that this action be dismissed with prejudice for lack of prosecution.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February __14__, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

4